THE STATE, EX REL. BUESCHER, DIR. OF LAW, APPELLEE, *v.*
LINTON, DIR. OF FINANCE, APPELLANT.

(No. 40152—Decided June 1, 1966.)

*Messrs. Squire, Sanders & Dempsey, Mr. George I. Meisel*
and *Mr. Don W. Wiper,* for appellee.
*Mr. Robert L. Musser,* for appellant.

TAFT, C. J. The question to be decided is whether the
city of Solon can issue bonds to provide funds to construct and
equip a free public library building in that municipality, where
the building will be leased to the Cuyahoga County Public
Library for operation by that county library as a free public
library.

So far as pertinent, Section 717.01, Revised Code, reads:
"Each municipal corporation may:
"\* \* \*

"(K) Construct free public libraries and reading rooms
\* \* \*."

Such provision has been in our statutes since before 1947.

In 1947, the General Assembly amended Section 3620, General Code, the provisions of which were recodified in Section 715.13, Revised Code, which reads so far as pertinent:

"Any municipal corporation may * * * maintain and regulate free public libraries established by the municipal corporation prior to September 4, 1947. Such municipal corporation may purchase books, papers, maps, and manuscripts for such libraries, receive donations and bequests of money or property for such libraries, in trust or otherwise, and provide for the rent and compensation for the use of any existing free public libraries established and managed by a private corporation or association organized for that purpose."

Solon had established no free public library prior to September 4, 1947. Hence, by necessary implication, the words of Section 715.13, Revised Code, would prevent Solon from operating any free public library. It is argued that those words should also limit the power conferred by Section 717.01 (K), Revised Code, so as to prevent construction of a library by a municipality that is disabled by Section 715.13, Revised Code, from operating a library.

If there were no means of using a library constructed by a municipality after 1947, it might be reasonable to imply a legislative intention by the enactment of Section 715.13, Revised Code, to impose such a limitation on the power granted by Section 717.01 (K). However, prior to 1947, the General Assembly amended Section 3711, General Code, which is now Section 721.22, Revised Code, and which now reads in part:

"A municipal corporation may, by ordinance, transfer, lease, or permit the use of any property, real or personal, suitable for library purposes, to the board of trustees of any free public library or any library association rendering free library sevice to the inhabitants of the municipal corporation, upon such lawful terms as are agreed upon between the municipal corporation and the trustees of such library or library association."

Thus, Section 721.22 has provided a way of using a library constructed by a municipality after 1947.

Furthermore, shortly after enacting what is now Section 715.13, Revised Code, the General Assembly amended what is now Section 717.01, Revised Code. The amendments did not

220

pertain to what is now subdivision (K), and this subdivision was then re-enacted along with the rest of the section as amended. See 122 Ohio Laws 519.

Neither repeals nor amendments of a statute by implication are favored. In order to sustain the conclusion that Solon has no power to construct a free public library, it would be necessary to conclude that Section 715.13, Revised Code, had at least amended by implication Section 717.01 (K), Revised Code. In our opinion, such an implication would not be reasonable.

We conclude, therefore, that Solon may issue bonds to provide funds to construct and equip a free public library building in that municipality, where the building will be leased to the Cuyahoga County Public Library for operation by that county library as a free public library.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.